IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 4, 2017

**KEVIN TATE v. TENNESSEE DEPARTMENT OF CORRECTION**

**Appeal from the Chancery Court for Davidson County**
**No. 15-1263-IV     Russell T. Perkins, Chancellor**

_____

**No. M2016-01611-COA-R3-CV**

_____

Kevin Tate was convicted of a first degree murder that took place on March 22, 1993. On November 22, 1995, he was sentenced to life in prison. In the current litigation, he filed a petition for declaratory judgment asking the trial court to review his release eligibility date as calculated by the Tennessee Department of Correction (TDOC). Petitioner claimed that TDOC incorrectly calculated his release eligibility date, and, in doing so, violated his rights under the *ex post facto* provisions of the state and federal constitutions. The trial court found that TDOC correctly calculated his release eligibility date. As a consequence, the court dismissed the petition. We modify the judgment of the trial court by vacating the court's statement that "as Mr. Tate is serving a sentence of life for first degree murder, in no event can he become eligible for release prior to serving 25 years." In all other respects, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed as Modified; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

Kevin Tate, Mountain City, Tennessee, appellant, pro se.

Herbert H. Slatery III, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, and Jennifer L. Brenner, Senior Counsel, Office of the Attorney General Civil Rights and Claims Division, Nashville, Tennessee, for the appellee, Tennessee Department of Correction.

# OPINION

## I.

The statutory provision pursuant to which Petitioner was sentenced is Tenn. Code Ann. § 40-35-501(g) (1990). It was amended twice during the period of time between the commission of the murder and date of sentencing. On March 22, 1993, the date on which the offense was committed, the statute provided as follows:

> Release eligibility for each defendant receiving a life sentence for first degree murder shall occur after service of sixty percent (60%) of sixty (60) years less sentence credit earned and retained by the defendant.

In an amendment to the statute that became effective on July 1, 1993, some three months *after* the date of the murder, the General Assembly amended this statute to provide, in pertinent part, as follows:

> Release eligibility for each defendant receiving a sentence of imprisonment for life for first degree murder shall occur after service of sixty percent (60%) of sixty (60) years less sentence credits earned and retained by the defendant, but in no event shall a defendant sentenced to imprisonment for life be eligible for parole until the defendant has served a minimum of twenty-five (25) full calendar years of the sentence . . . A defendant receiving a sentence of imprisonment for life for first degree murder shall be entitled to earn and retain sentence credits, but the credits shall not operate to make the defendant eligible for release prior to the service of twenty-five (25) full calendar years.

1993 Tenn. Pub. Acts Ch. 473. In 1995, the statute was again amended to provide as follows:

> (i)(1) There shall be no release eligibility *for a person committing an offense, on or after July 1, 1995*, that is enumerated in subdivision (i)(2). The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits . . . shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

(2) The offenses to which subdivision (i)(1) applies are:

(A) Murder in the first degree;

\*      \*      \*

1995 Tenn. Pub. Acts Ch. 492 (emphasis added).  As can be seen, the Petitioner is *not* "a person committing an offense, on or after July 1, 1995." ***Id.***

On July 3, 2015, Petitioner asked TDOC to calculate his release eligibility date. On August 3, 2015, TDOC advised him that his release eligibility date was January 9, 2025, based on sentence reduction credits he had earned and not lost.  On October 20, 2015, Petitioner, acting pro se, filed his petition for declaratory judgment, alleging in pertinent part as follows:

> That [release eligibility date calculated by TDOC] is incorrect being that under State law at the time that the petitioner caught the charge and the time that he was sentenced, if [sic] he was to have to [sic] serve 25 yrs.
>
> \*      \*      \*
>
> State Law only requires the inmate to serve 25 years to be eligible for parole, however the law in which the petitioner was under at the time of the [commission] of the offense in 1993, (see, T.C.A. § 40-35-501 (1993ed) leaves out the total time other than to say that a person is to serve 60% of 60 yrs., which is 36 yrs.  However the petitioner is get [sic] the benefit of both statutes.

TDOC responded with an affidavit of its employee, Amber Phillips, a sentence analyst, who explained as follows:

> [Petitioner] was convicted November 22, 1995. . . . He received a sentence of Life for First Degree Murder.  The court granted pretrial jail credit of 966 days.  In addition to the pretrial jail credit, this sentence also has a total of 256 days of pretrial behavior credit applied in accordance with Tenn. Code Ann. §41-21-236.
>
> . . . In accordance with Tenn. Code Ann. §40-35-501, this sentence was originally calculated with a release eligibility date set at 36 years which is 60% of 60 years with no

expiration date if imposed under the Sentence Reform Act of 1989.

The Sentencing Act of 1993 became effective for offenses committed on or after July 1, 1993 and does not apply to [Petitioner] due to his offense date of March 22, 1993.

To date, [Petitioner] has earned (and lost) Prisoner Sentence Reduction Credits (PSRC) that have allowed the release eligibility date on this sentence to reduce to the current date of September 19, 2024. PSRC are awarded in accordance with Tenn. Code Ann. §41-21-236. Total PSRC applied to reduce this sentence to date are 1,398 days. He had earned a total of 1,488 and was ordered to lose 90 days in 2012 due to a class A disciplinary infraction.

(Paragraph numbering in original omitted.)

The trial court dismissed the petition in an order containing findings of fact. The court's order closely tracked the statements in Ms. Phillips' affidavit. The trial court held that there was no error in TDOC's calculation, and no *ex post facto* violation. The trial court's final judgment in this case correctly states that "[t]he Sentencing Act of 1993 . . . applies to offenses committed on or after July 1, 1993, and Mr. Tate's offense date is March 22, 1993[;]" and the judgment correctly recites that Petitioner "was never eligible for a sentence calculation under the Sentencing Act of 1993." However, the trial court also quoted Tenn. Code Ann. § 40-35-401 *as amended* in 1993, and stated that "as [Petitioner] is serving a sentence of life for first degree murder, in no event can he become eligible for release prior to serving 25 years." As will be shown below, this statement by the trial court is incorrect.

## II.

The issue presented is whether the trial court erred in holding that TDOC correctly calculated Petitioner's release eligibility date.

## III.

There are no disputes of fact in this case. Since the case involves only a question of law, our review is "de novo with no presumption of correctness." ***In re Angela E.***, 303 S.W.3d 240, 246 (Tenn. 2010).

- 4 -

**IV.**

**A.**

The controlling and dispositive principle in this case has been stated by the Supreme Court as follows: "[g]enerally, a criminal offender must be sentenced pursuant to the statute in effect at the time of the offense." *State v. Smith*, 893 S.W.2d 908, 919 (Tenn. 1994); *accord State v. Brimmer*, 876 S.W.2d 75, 82 (Tenn. 1994) ("The trial court correctly instructed the sentencing law in effect at the time the murder was committed"); *State v. Blackmon*, 78 S.W.3d 322, 336 (Tenn. Crim. App. 2001) (Because application of the 1995 law would affect a substantial right of the Appellant, thus implicating *ex post facto* constitutional provisions, the trial court was required to apply the law in effect on the date the offense was committed"). Thus, as TDOC has correctly maintained throughout this litigation, the pre-July 1, 1993 version of Tenn. Code Ann. § 40-35-501(g) applies to Petitioner. Under that statute, his release eligibility date "shall occur after service of sixty percent (60%) of sixty (60) years [*i.e.*, 36 years] less sentence credit earned and retained by" him. The July 1, 1993 amendment is not pertinent to the calculation of his sentence length or his release eligibility date.

Ironically, if the 1993 amendment did apply to him, which it clearly does not, it would likely have had no effect on his release eligibility date, but it well might have harmed, rather than helped, him. As can be seen from his petition, Petitioner misunderstands the effect of the 25-year mandatory minimum term prescribed by the July 1, 1993 amendment. He alleges that "State Law only requires the inmate to serve 25 years to be eligible for parole." This allegation is not correct. Both versions of the statute set a release eligibility date of 36 years less sentence credits earned. Speaking hypothetically, under the pre-July 1, 1993 version of the statute, it is *possible* that an inmate such as Petitioner could have a release eligibility date that is less than 25 years, if he earned and retained more than eleven years' worth of sentence credits. That is no longer true for a person convicted of first degree murder after July 1, 1993. He or she must serve a mandatory minimum of 25 years, regardless of sentence credits.[1] Thus, the trial court's citation of the amended statute in its order, and its statement that "in no event can [Petitioner] become eligible for release prior to serving 25 years," is erroneous. The statement did not impact TDOC's calculation of his release eligibility date, however, which TDOC correctly calculated under the pre-July 1, 1993 version of the statute.

---

[1] Of course, the 1995 amendment to Tenn. Code Ann. § 40-35-501, quoted above, which has no bearing on this case, imposes a significantly harsher punishment for those convicted of first degree murder and given a life sentence for a crime committed on or after July 1, 1995.

**B.**

In ***State v. Pruitt***, 510 S.W.3d 398, 411 (Tenn. 2016), the Supreme Court discussed at length the *ex post facto* clauses of the Tennessee and United States Constitutions. Included in the categories of laws prohibited under these provisions is "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." ***Id.,*** quoting ***Calder v. Bull***, 3 U.S. 386, 390 (1798). As has been discussed above, no law or procedure has been applied to change Petitioner's incarceration period for the crime he committed. His sentence, and release eligibility date, have consistently been calculated under the law as it existed at the time he committed the offense. Consequently, there is no *ex post facto* violation in his case.

**V.**

The judgment of the trial court is modified to vacate the trial court's holding that "as Mr. Tate is serving a sentence of life for first degree murder, in no event can he become eligible for release prior to serving 25 years." As modified, the judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Kevin Tate. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE

- 6 -